# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1462

_____

Loren J. Zutz; Elden J. Elseth,           *
                                          *
            Appellants,                    *
                                          *
    v.                                     *   Appeal from the United States
                                          *   District Court for the District
John Nelson; Arlyn Stroble;                *   of Minnesota.
Nick Drees; Douglas Kamrowski;             *
RoughRider Legal Support Services,         *
Inc.; Danny Omdahl,                        *
                                          *
            Appellees.                     *

_____

Submitted: December 15, 2009
Filed: April 15, 2010

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Loren Zutz and Elden Elseth, members of the Middle-Snake-Tamarac Rivers Watershed District Board (Board), filed this action alleging state law defamation and violations of 42 U.S.C. § 1983 against the six appellees whom we divide into three different groups: (1) co-Board members John Nelson and Arlyn Stroble; (2) an administrator and an employee of the Board Nick Drees and Danny Omdahl and (3) the investigative consulting firm RoughRider Legal Support Services, Inc.

(RoughRider) and its employee Douglas Kamrowski. The complaint also sought a declaration that Zutz and Elseth had not violated Minnesota law.

Appellees filed various motions to dismiss the complaint. Thereafter, Zutz and Elseth moved for leave to amend the complaint. The magistrate judge[1] issued an order denying the motion for leave to amend and the district court[2] affirmed. Subsequently, the district court granted the appellees' various motions and dismissed the original complaint for its failure to state a federal claim upon which relief could be granted. Zutz and Elseth now bring this appeal challenging both the dismissal of their complaint and the denial of their motion to amend. Since both the initial complaint and the proposed amended complaint fail to state a federal cause of action, we affirm.

## I.    BACKGROUND

Because this appeal arises from the grant of a motion to dismiss, we draw the relevant facts from the complaint. See In re 2007 Novastar Fin. Inc., Sec. Litig., 579 F.3d 878, 880 (8th Cir. 2009).

### A.    Defamatory Conduct

Sometime after being appointed to the Board, Zutz and Elseth suspected that the Board was involved in various financial improprieties. Accordingly, they launched an independent investigation, during which they gained access to the Board's bank and payroll records. These records confirmed their suspicions.

---

[1]The Honorable Raymond L. Erickson, Chief Magistrate Judge for the District of Minnesota.

[2]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

On June 18, 2007, at a formal meeting of the Board, co-Board members Nelson and Stroble complained about the appellants' investigation. Specifically, Nelson and Stroble made statements falsely claiming that the appellants had violated Minnesota law. In an effort to find support for their false accusations, the appellees requested that the Marshall County Commission investigate the matter. County Attorney Michael Williams followed up on this request and hired RoughRider, a North Dakota investigating firm.

RoughRider's employee, Kamrowski, conducted an investigation and filed a formal report with Williams. The report contained a number of false allegations against the appellants including conclusions that appellants had engaged in improper acts. Despite the allegations in the report, Williams concluded that appellants had not committed any malfeasance.

Although Williams declined to adopt the report's conclusions, appellee Drees sent the report to a wide number of people in Marshall County, thereby falsely representing the report as the final conclusion as to the legality of the appellants' financial investigation. Drees also sent a letter to certain people falsely alleging, among other things, that the Board had lost its insurance as a result of appellants' conduct.

Meanwhile, appellee Omdahl joined in making false and disparaging comments about the appellants by sending a letter to the editor of a newspaper in Thief River Falls, Minnesota. The letter falsely contended that appellants had engaged in various illegal and improper acts. Notably, the letter was never published. But, in an effort to obtain an audience for the false statements, Omdahl and Drees brought their letters to the attention of the Marshall County Board of Commissioners.

## B.     Procedural Posture

Appellants first challenged the conduct of Nelson and Stroble in Minnesota state court on a theory of defamation. That matter was resolved when the trial court dismissed the action with prejudice after finding that the defendants were entitled to immunity. Subsequently, the appellants filed the original complaint in this action against all six of the appellees alleging § 1983 violations and state law defamation claims. Specifically, the original complaint claimed deprivation of their Fourteenth Amendment rights and alluded to violations of their First Amendment rights. Additionally, the initial complaint contained a separate claim alleging that the appellees conspired to violate the appellants' constitutional rights.

The appellees filed various motions requesting that the court dismiss the complaint. In response, appellants moved for leave to amend the complaint. In their proposed amended complaint, the appellants maintained their original allegations and added new accusations that they were denied certain rights including not being appointed to subcommittees of the Board and not being permitted to be signatories on the Board's checking account. Additionally, the proposed complaint asserted that Zutz had lost the right to rent property from the Board and that Elseth had been improperly censured by the Board.

The magistrate judge denied the motion for leave to amend, finding that the proposed amendments would be "futile." Specifically, the magistrate judge found that the allegations against Nelson and Stroble were barred by res judicata, and that the proposed amended complaint failed to allege that the appellees caused the appellants' deprivation of constitutional rights. Accordingly, the magistrate judge held that the amended complaint was devoid of any federal cause of action. The appellants objected to that order, but the district court affirmed. Subsequently, the district court dismissed the original federal complaint for failure to state a claim upon which relief could be granted.

-4-

## II.    DISCUSSION

### A.    Res Judicata

As noted earlier, appellants first filed an action in Minnesota state court against Nelson and Stroble for defamation arising out of the statements at the June Board meeting. The state court dismissed the action after it held that Nelson and Stroble had immunity. The magistrate judge concluded that both the state action and this action against Nelson and Stroble arose out of a common nucleus of operative fact. Thus, res judicata precluded the appellants from pursuing those claims in this subsequent action.

"We review a district court's dismissal decision on grounds of res judicata de novo." Banks v. Int'l Union Elec., Elec., Technical, Salaried and Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004). In examining whether a final decision in a state-court judgment precludes a subsequent federal court action, we "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under Minnesota law, res judicata

> applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter.

Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). And "[r]es judicata not only applies to all claims actually litigated, but to all claims that could have been litigated in the earlier action." Id.

The appellants do not contest that the earlier claim involved Nelson and Stroble, that there was a final judgment or that they had a full and fair opportunity to litigate the matter. However, they do contend that the state-court claim did not involve the same set of circumstances as those alleged in the current action. Specifically, they assert that the facts in the state-court action were based on the initial defamatory statements of Nelson and Stroble, while the federal action is comprised mostly of conspiratorial acts and resulting damages that occurred after the initial defamation. Under Minnesota law, "if the right to assert the second claim did not arise at the same time as the right to assert the first claim, then the claims cannot be considered the same cause of action." Care Inst., Inc.-Roseville v. County of Ramsey, 612 N.W.2d 443, 447 (Minn. 2000).

Contrary to appellants' view of their federal complaint, the only allegations in the pleading directly implicating Nelson or Stroble stem from their actions at the June Board meeting. Thus, it is certain that appellants anchor their case against Nelson and Stroble on the same defamatory statements that formed the basis of the state-court action. Accordingly, with regard to the alleged defamatory statements of Nelson and Stroble at the June Board meeting, this action involves the same set of facts as the earlier state-court claim. Since the appellants could have raised the same claims in their earlier state court action, their attempt to assert this action against Nelson and Stroble based on those June comments is precluded.[3]

---

[3]To the extent that the complaint alleges that Nelson and Stroble engaged in conspiratorial acts which arose after the state proceeding was decided, we assume that those claims are not precluded, and we address those allegations below.

-6-

**B.     Dismissal of the Original Complaint**

**1.     Standard of Review**

We review "*de novo* the grant of a motion to dismiss, taking all facts alleged in the complaint as true."  Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting Twombly, 550 U.S. at 555).

The appellants contend that the original complaint states a claim for relief under § 1983.  Pursuant to our precedent, to state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right."  Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009).  For purposes of our discussion we assume (without deciding) that the appellants sufficiently alleged that the appellees were acting under color of state law.  Thus, the remaining issue is whether the complaint adequately alleged that the appellees deprived the appellants of a constitutionally protected federal right.  Appellants aver that the initial complaint asserts deprivation of their First, Fifth and Fourteenth Amendment rights.  We disagree.

## 2.    First Amendment Retaliation

To successfully plead a First Amendment retaliation claim, a plaintiff must plausibly plead that he/she "engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [them] that would chill a person of ordinary firmness from engaging in that activity." Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007). The appellants have plausibly pled that they were engaged in protected activity and that the appellees' defamatory comments were made with an intent to retaliate for the protected activity. But, because they have not plausibly pleaded that the defamatory conduct would chill a person of ordinary firmness, the First Amendment retaliation claim was properly dismissed.

The only retaliatory harms appellants allege in the original complaint are damage to their reputation, mental distress, humiliation and embarrassment as a result of the appellees' defamatory conduct. We have noted that "[i]n some cases, embarrassment, humiliation and emotional distress may be sufficient to support a § 1983 claim." Naucke v. City of Park Hills, 284 F.3d 923, 928 (8th Cir. 2002). However, since "'[c]riticism of public officials lies at the very core of speech protected by the First Amendment,'" id. at 927 (quoting Colson v. Grohman, 174 F.3d 498, 507 (5th Cir. 1999)), "it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." Id. at 928 (quotation omitted). All that the original complaint alleges is that the appellees made defamatory statements regarding the appellants' exercise of their official duties as public officials. While these statements may have damaged the reputation of Zutz and Elseth, we believe that such reputational damage was insufficient to chill a person of ordinary firmness from engaging in the protected activity. We, therefore, affirm the district court's dismissal of the retaliation claim.

### 3.    Fourteenth Amendment Due Process

The original complaint also includes a count asserting that appellees violated the appellants' Fourteenth Amendment due process[4] rights. Appellants assert that they adequately pleaded violations of both their procedural and substantive due process rights. Again, we disagree.

### a.    Procedural Due Process

Appellants claim that their reputations were damaged by the defamatory conduct of the appellees in violation of appellants' procedural due process rights. "Damage to reputation alone, however, is not sufficient to invoke the procedural protections of the due process clause." Gunderson v. Hvass, 339 F.3d 639, 644 (8th Cir. 2003) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). Instead, "[t]he loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest." Id. We refer to this as the "stigma plus" test. Id. The appellants have clearly alleged defamatory damage to their reputation, but they have not alleged any other tangible harm. Since damage to reputation is not alone sufficient to invoke procedural due process, the district court correctly dismissed the procedural due process claim.

---

[4]Appellants also contend that they have asserted a Fifth Amendment due process violation. However, since "[t]he Fifth Amendment's Due Process Clause applies only to the federal government or federal actions, and the [appellants] have not alleged that the federal government or federal action deprived them of property," their Fifth Amendment due process claim must fail. Barnes v. City of Omaha, 574 F.3d 1003, 1005 n.2 (8th Cir. 2009).

### b. Substantive Due Process

To survive summary judgment on their substantive due process argument, appellants "must [have] allege[d] actions by a government official which 'violated one or more fundamental constitutional rights' and were 'shocking to the contemporary conscience.'" C.N., 591 F.3d at 634 (quoting Flowers v. City of Minneapolis, 478 F.3d 869, 873 (8th Cir. 2007)). Again, all that the appellants have alleged are assertions of defamatory conduct to which they attach the label of extreme conduct violating the appellants' fundamental rights. Since there is no fundamental right to one's own reputation, Paul, 424 U.S. at 701, and since appellants have not even vaguely pled any other harm, the district court was correct in dismissing the substantive due process count of the original complaint. See C.N. 591 F.3d at 634-35 (noting that the complaint's "vague allegations neither provide the Appellees with fair notice of the nature of [appellant's] claims and the grounds upon which those claims rest nor plausibly establish [appellant's] entitlement to any relief").

### 4. Conspiracy

The complaint also states that the appellees conspired to deprive the appellants of civil rights. To plead a § 1983 conspiracy claim a plaintiff must plead that he suffered "a deprivation of a constitutional right or privilege." Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999). As noted above, the appellants have failed to allege such a deprivation. Thus, their original complaint falls short of stating a cause of action. Accordingly, the district court properly dismissed the conspiracy count.

### 5. State Law and Declaratory Judgment Claims

Upon dismissing the federal claims with prejudice, the district court concluded that it would not exercise jurisdiction over either the state law or declaratory relief claims. We affirm this decision because a district court may decline to exercise

-10-

supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), and because "the Declaratory Judgment Act . . . does not provide an independent basis for federal jurisdiction." Victor Foods, Inc. v. Crossroads Econ. Dev., 977 F.2d 1224, 1227 (8th Cir. 1992) (citation omitted).

In sum, the initial complaint fails to plausibly allege the deprivation of a constitutional right, a necessary element of any § 1983 claim, and the district court was therefore correct in dismissing the federal claims with prejudice. As a result, the district court had discretion to dismiss the state law and declaratory relief counts without prejudice.

### C.    Denial of Leave to Amend

As also earlier noted, the appellants moved to amend their complaint in an attempt to avoid dismissal. The magistrate judge denied the motion, finding that any amendments would be futile. The district court affirmed. "We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility we review the underlying legal conclusions de novo." 2007 Novastar, 579 F.3d at 884 (quotation omitted).

Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008). Accordingly, in reviewing a denial of leave to amend we ask whether the proposed amended complaint states a cause of action under the Twombly pleading standard outlined above.

In their proposed amended complaint, appellants added several factual allegations in an attempt to establish a constitutional deprivation. These factual

allegations include the Board's decision not to rent property to Zutz, the Board's decision to censure Elseth, the Board's decision to revoke the appellants' check signing authority and the Board's refusal to appoint either Zutz or Elseth to subcommittees of the Board.

We have doubts as to whether these added factual allegations state constitutional deprivations sufficient to chill a person of ordinary firmness or are sufficient to meet the "plus" portion of the "stigma plus" test. But, even if we assume that these facts do allege a constitutional deprivation, § 1983 demands more than a simple claim that the appellees engaged in wrongful conduct and the appellants were deprived of constitutional rights. Indeed, to state a cause of action under § 1983, a plaintiff must plead facts that would tend to establish that the defendant's wrongful conducted *caused* the constitutional deprivation. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) ("If it appears from the complaint, . . . that there is no causal connection between the alleged deprivations and the challenged conduct, the complaint may properly be dismissed for failure to state a claim."). Here, even if the amended complaint alleges wrongful conduct on the part of the appellees and a constitutional deprivation, the complaint is wholly devoid of any factual allegations linking the bad behavior of the appellees to the alleged constitutional deprivations.

Notably, several paragraphs of the proposed amended complaint state that the appellees were directly responsible for the constitutional deprivations. However, the appellees did not have the power to personally deprive the appellants of any of the asserted rights. Instead, only the Board as a whole, or at least a majority of the Board, could direct such harm.[5] As such, these allegations amount to nothing more than

_____

[5]Appellants rely on the doctrine of joint and several liability to argue that the law does not require that they sue all responsible parties in order to recover from one responsible party. This argument misses the point. The problem with the pleading is not that they did not sue enough of the parties who caused the damage. Instead, the problem is that the appellants have not plausibly alleged that the defamatory conduct

"mere conclusory statements," which do not suffice to state a plausible cause of action. Iqbal, 129 S. Ct. at 1949.

At oral argument, counsel for the appellants contended that the pleadings imply that the defamatory conduct caused the Board to take away the appellants' rights. As support for this "implication," counsel encouraged us to engage in a "chronological analysis" of the facts. Contrary to counsel's contention, however, chronology does not equate to causation. Simply because one event came first does not mean that the former *caused* the latter. Additionally, although we are permitted to draw inferences from the facts pleaded, see Twombly, 550 U.S. at 556, the only reasonable inference we can draw from the proposed amended complaint is that the defamatory conduct damaged the appellants' reputation. As we discussed above, such reputational damage is not alone sufficient to state a constitutional deprivation. Gunderson, 339 F.3d at 644. Moreover, without more, it would be unreasonable for us to infer that the appellees' defamatory conduct caused the Board to strip the appellants' of constitutional rights.

Finally, counsel also contended that the "intent" of the pleadings was to allege that the appellees' conduct caused the Board to strip the appellants' constitutional rights. While counsel may have intended to state a cause of action, Twombly does not require us to divine what is in the mind of the plaintiff. Instead, we must look to the pleadings and discern whether the complaint states enough facts that plausibly leads to a cause of action. Twombly, 550 U.S. at 557. That is, that the defamatory action

---

of the appellees *caused* the deprivation of constitutional rights. Instead, the proposed amended complaint states that the appellees took wrongful action and that a third party, namely the Board, deprived the appellants of constitutional rights. These appellees cannot be liable under § 1983 for the Board's action unless the appellants can show a causal connection between the appellees' conduct and the Board's action depriving appellants of a constitutional right. Morton, 793 F.2d at 187. The proposed complaint simply fails to allege any such nexus.

of these appellees caused a third party to act in a way that deprived the appellants of their constitutional rights. Without alleging any facts to suggest such a causal nexus, the proposed complaint only alleges separate actions by independent parties which fail to state a federal cause of action against these appellees. Accordingly, the proposed amended complaint would not survive a 12(b)(6) motion to dismiss and is, therefore, futile.

## III.   CONCLUSION

The original complaint fails to plausibly allege a constitutional deprivation. The proposed amended complaint, to the extent it states a constitutional deprivation, fails to plausibly allege a causal connection between the appellees' conduct and any constitutional deprivation. Accordingly, the district court's dismissal of the complaint and the denial of the motion for leave to amend are affirmed.

_____