# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2927

_____

Neng Por Yang,                              *
                                            *
                Appellant,                  *
                                            *   Appeal from the United States
        v.                                  *   District Court for the
                                            *   District of Minnesota.
Terry Nutter, acting in his individual      *
capacity as Minneapolis Police Officer;     *   [UNPUBLISHED]
Anthony Leone, acting in his individual     *
capacity as Minneapolis Police Officer;     *
John Doe 1; John Doe 2, acting in           *
their individual capacities as Unknown      *
Federal Agents of the United States         *
Government,                                 *
                                            *
                Appellees.                  *

_____

Submitted: February 2, 2012
Filed: February 7, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Neng Por Yang challenges the district court's[1] dismissal of his action asserting 42 U.S.C. § 1983 claims and a common law negligence claim against state and federal law enforcement officers. We initially note that the appeal is timely, see Fed. R. App. P. 4(a)(1)(B) (when United States or its officer or agency is party, notice of appeal may be filed by any party within 60 days after judgment or order appealed from is entered), and we conclude, upon careful de novo review, that dismissal was appropriate, see B & B Hardware, Inc. v. Hargis Indus., Inc., 569 F.3d 383, 387 (8th Cir. 2009) (de novo review of Fed. R. Civ. P. 12(b)(6) dismissal).

First, we agree with the district court that Yang's claims were precluded under the doctrines of res judicata and collateral estoppel. See 28 U.S.C. § 1738 (judicial proceedings of any state court shall have same full faith and credit in every court within United States as they have by law or usage in courts of such state from which they are taken); Zutz v. Nelson, 601 F.3d 842, 845, 847-48 (8th Cir. 2010) (reciting elements of res judicata and noting that it applies to all claims that were actually litigated and that could have been litigated in earlier action), cert. denied, 131 S. Ct. 524 (2010); Aufderhar v. Data Dispatch, Inc., 452 N.W.2d 648, 650 (Minn. 1990) (Minnesota does not require "mutuality" of parties as predicate to invocation of collateral estoppel; although defendant was not party to earlier proceeding, he may invoke collateral estoppel in subsequent litigation by plaintiff who was claimant in earlier proceeding if (1) issue was identical to one in prior adjudication, (2) there was final judgment on merits, (3) estopped party was party to prior adjudication; and (4) estopped party was given full and fair opportunity to be heard on adjudicated issue). We also agree with the district court that these doctrines applied notwithstanding Yang's unsupported and conclusory allegations of fraud in the prior state-court proceedings.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting in part the report and recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

Second, we agree with the district court that the Federal Tort Claims Act provided the exclusive remedy for Yang's negligence claim against the federal defendants, see 28 U.S.C. § 2679(b)(1) (remedy against United States provided by this title for personal injury arising from negligent or wrongful act of any government employee while acting within scope of his office or employment is exclusive of any other civil action for money damages by reason of same subject matter against employee whose act or omission gave rise to claim), and that his negligence claim was not timely, see 28 U.S.C. § 2401(b) (tort claim against United States shall be forever barred unless action is begun within six months after date of mailing, by certified or registered mail, of notice of final denial of claim by agency to which it was presented).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____