Kyle BACH, Plaintiff,

v.

**PRUDENTIAL INSURANCE, Defendant.**

**No. 1:14-cv-00025-JEG-RAW.**

United States District Court, S.D. Iowa, Western Division.

Signed Feb. 4, 2015.

---

John W. Kocourek, John W. Kocourek PC, Council Bluffs, IA, for Plaintiff.

Ryan Gene Koopmans, Nyemaster Goode PC, Des Moines, IA, Amanda Anne Sonneborn, Megan E. Troy, Seyfarth Shaw, Chicago, IL, for Defendant.

JAMES E. GRITZNER, Chief Judge.

This matter comes before the Court on Motion to Dismiss Certain Claims in Plaintiff's Complaint, ECF No. 10, by The Prudential Insurance Company of America (Defendant).[1] Kyle Bach (Plaintiff) resists. Neither party has requested a hearing, and a hearing is unnecessary. The Motion is fully submitted and ready for disposition.

## I. BACKGROUND[2]

The Complaint alleges that Plaintiff is a former employee of Omaha Standard. Plaintiff was a participant in a disability insurance plan offered by Omaha Standard and administered by Defendant. In November 2012, Plaintiff suffered a back injury that he asserts rendered him disabled. Although Defendant initially paid disability benefits to Plaintiff, it subsequently determined he was able to work. Plaintiff contested this decision and has exhausted his administrative remedies under the plan.

Plaintiff initiated the present action with a two-count complaint. The first count asserts Defendant wrongfully denied Plaintiff disability benefits. In part, Plaintiff supports his claim with his allegation that

---

1. Defendant asserts that although the Complaint names "Prudential Insurance" as the defendant, Defendant's actual name is "The Prudential Insurance Company of America."

2. The Court must accept as true all facts alleged in the Complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir.2010).

the Social Security Administration has determined he is completely disabled and eligible for Supplemental Security Income benefits. Although the Complaint does not state this expressly, the parties' briefs on Defendant's Motion clarify that Count One is a claim for benefits under the Employee Retirement Income Security Act (ERISA) § 502(a)(1)(B),[3] 29 U.S.C. § 1132(a)(1)(B).[4]

Count Two of the Complaint alleges a breach of fiduciary duty. Specifically, Plaintiff alleges "the defendant breached its fiduciary duty by failing to conduct a proper investigation, by failing to subject the findings of its investigation to a reasonable evaluation and by wrongfully denying plaintiff's claims without a reasonable basis for the denial." Compl. ¶ 23, ECF No. 1. Plaintiff alleges this breach was in violation of Iowa Code § 507B.4 as well as 29 U.S.C. §§ 1104 and 1109. Both counts request relief under ERISA, including past-due and future benefits and attorney's fees, as well as compensatory and punitive damages.

## II. DISCUSSION

To survive a Rule 12(b)(6) "motion to dismiss, a complaint must contain suffi-

cient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Under the current pleading standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).

Defendant's Rule 12(b)(6) Partial Motion to Dismiss makes three primary arguments. First, Defendant asserts that ERISA preempts Plaintiff's state-law claim for breach of fiduciary duty. Next, Defendant argues the Court should dismiss Count Two of the Complaint in its entirety because it is duplicative of Plaintiff's claim for benefits under Count One. Finally, Defendant contends that Plaintiff's potential remedy is limited to benefits under the plan, and Plaintiff is not entitled to compensatory or punitive relief.

Plaintiff concedes that Supreme Court precedent likely requires this Court to

---

**3.** Cases involving ERISA often contain citations to both the sections of ERISA as they appear in the Statutes at Large, *see* Pub.L. No. 93–406, 88 Stat. 829, and those provisions as they were codified in the U.S. Code, *see* 29 U.S.C. §§ 1001 et seq. This Order will generally cite to the U.S.Code.

**4.** Plaintiff's response to Defendant's Motion includes a motion for leave to amend the Complaint so as to include relevant citations. While not denying leave to amend, but especially given the parties' briefs regarding Defendant's Motion, the Court does not find it necessary for Plaintiff to amend his Complaint solely to include the correct citations. At the time Plaintiff filed his response to Defendant's Motion and his Motion to Amend, Plaintiff could have amended the Complaint "as a matter of course." *See* Fed.R.Civ.P. 15(a)(1)(B). "If a party erroneously moves

for leave to amend before the time for amending as of course has expired, several courts have held that the amendment should not be handled as a matter addressed to the court's discretion but should be allowed as of right." 6 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1482 (3d ed.). Accordingly, although this District's rules and the Eighth Circuit strongly disfavor motions to amend that do not include the proposed amendment, the Court will grant Plaintiff's motion to amend if Plaintiff still desires. *Cf. In re 2007 Novastar Fin. Inc., Sec. Litig.,* 579 F.3d 878, 884 (8th Cir.2009) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."); *see also* LR 15. Of course, an amendment that restates claims dismissed here would be futile.

hold that ERISA preempts his state-law claims and his request for compensatory and punitive damages. However, Plaintiff argues that he can simultaneously pursue, in the alternative, a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and a claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3).[5]

■ As both parties recognize, ERISA bars Plaintiff's state-law claims and his request for compensatory and punitive damages beyond those ERISA authorizes. ERISA contains a broad preemption provision. *See* 29 U.S.C. § 1144 ("Except as [otherwise provided, ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."). In addition, ERISA contains an "integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). These provisions are "intended to ensure that employee benefit plan regulation [is] 'exclusively a federal concern.'" *Id.* (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)).

■ The Supreme Court has explained that the integrated civil enforcement scheme in 29 U.S.C. § 1132(a)

represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (alternation in original) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc.*, 542 U.S. at 209, 124 S.Ct. 2488; *see also Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 945 (8th Cir.2014) (finding that a request for punitive damages and state-law claims of breach of contract, negligence, and bad faith that "could have

---

**5.** For this argument, Plaintiff solely relies on *Bamgbose v. Delta–T Group*, 638 F.Supp.2d 432 (E.D.Pa.2009). As Defendant observes, *Bamgbose* involved alternative claims under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(2). The latter section, § 1132(a)(2), allows suits for appropriate relief under § 1109. In turn, § 1109 provides "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach." 29 U.S.C. § 1109

(emphasis added). Although, at least in the context of a defined-contribution pension plan, § 1132(a)(2) allows individuals to recover damages for "fiduciary breaches that impair the value of plan assets in a participant's individual account," § 1132(a)(2) does not apply to this case because there is no allegation that Defendant's conduct impaired the value of the plan. *See LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256, 128 S.Ct. 1020, 169 L.Ed.2d 847 (2008). Nevertheless, it is fair to infer that Plaintiff's argument is that he can make alternative claims under § 1132(a)(1)(B) and § 1132(a)(3).

been brought under ERISA's civil enforcement mechanism ... are completely preempted by [29 U.S.C. § ]1132."). Accordingly, the Court must dismiss Plaintiff's state-law breach of fiduciary duty claim as well as his request for remedies beyond those ERISA authorizes.

As noted, Defendant also argues that the Court must dismiss Count Two of the Complaint because it duplicates Count One. Although, as Plaintiff recognizes, the Complaint's citations are not precisely on point, the parties' briefing makes clear sections 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) are the primary relevant provisions. Inter alia, § 1132(a)(1)(B) authorizes plan participants or beneficiaries to bring a civil action "to recover benefits due to him under the terms of his plan." In contrast, § 1132(a)(3) allows civil actions

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (emphasis added).

Although some courts had interpreted the term "equitable relief" in § 1132(a)(3) to preclude the recovery of monetary compensation under that section, *see Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728, 732 (8th Cir.2009), the Supreme Court recently clarified that in some circumstances plan participants or beneficiaries can recover monetary compensation for a plan administrator's breach of fiduciary duty under the equitable theory of surcharge. *CIGNA Corp. v. Amara*, 563 U.S. 421, 131 S.Ct. 1866, 1880, 179 L.Ed.2d 843 (2011) ("[T]he fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief.... Indeed, prior to the merger of law

and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge' was 'exclusively equitable.'"); *see also Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 724 (8th Cir.2014) (describing the Supreme Court's *Amara* decision and holding that § 1132(a)(3) may allow recovery of "make-whole, monetary relief" in the amount of benefits owed under the plan).

Even though Plaintiff could potentially recover monetary compensation under § 1132(a)(3), a significant body of case law potentially suggests that Plaintiff cannot pursue claims under both § 1132(a)(1)(B) and § 1132(a)(3). In *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court discussed these two provisions and characterized § 1132(a)(3) as a "catchall" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." The Supreme Court further observed that § 1132(a)(3)

> authorizes *"appropriate"* equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the special nature and purpose of employee benefit plans, and will respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others. Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

*Id.* at 515, 116 S.Ct. 1065 (citations and quotation marks omitted).

As recently as 2013, the Eighth Circuit routinely interpreted *Varity Corp.* as meaning "[w]here a plaintiff is provided adequate relief by the right to bring a claim for benefits under § 1132(a)(1)(B),

the plaintiff *does not have a cause of action* to seek the same remedy under § 1132(a)(3)(B)." *Pilger v. Sweeney*, 725 F.3d 922, 927 (8th Cir.2013) (emphasis added) (quoting *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir.2006)). However, the Eighth Circuit's 2014 decision in *Silva v. Metropolitan Life*, which neither party discussed, called these cases into question, at least at the motion to dismiss stage. First, the court explained,

> We do not read *Varity* and *Pilger* to stand for the proposition that [a plaintiff] may only plead one cause of action to seek recovery of [plan] benefits. Rather, we conclude those cases prohibit duplicate *recoveries* when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3).

*Silva*, 762 F.3d at 726. The court continued that plaintiffs are allowed to present "alternative—as opposed to duplicative—theories of liability." *Id.* (citing Fed. R.Civ.P. 8(a)(3)). Perhaps most significant for the present motion, the Eighth Circuit explained that the stage of the litigation before the court in *Silva* distinguished that case from *Pilger* and the cases it cited. The court noted *Pilger* involved an appeal of a summary judgment and that "is important because ... [a]t summary judgment, a court is better equipped to assess the likelihood for duplicate recovery, analyze the overlap between claims, and determine whether one claim alone will provide the plaintiff with 'adequate relief.'" *Id.* at 727. The court continued, "[a]t the motion to dismiss stage, however, it is difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief." *Id.* Finally, the court instructed that a "district court should generally not dismiss a § 1132(a)(3) claim as duplicative of a claim for benefits at the motion to dismiss stage of a case." *Id.* (quoting *Allbaugh v. Cal. Field Ironworkers Pension Trust*, No. 2:12–cv–00561, 2014 WL 2112934, at *6 (D.Nev. May 20, 2014)). Thus, whether this amounts to form over substance appears to be a discouraged determination under our circuit's current law at this stage of the litigation.

Potentially calling the foregoing legal analysis into question is the fact that herein Plaintiff's claims appear to overlap significantly. Count One asserts Defendant wrongfully denied Plaintiff disability benefits under the plan. Count Two asserts that Defendant breached "its fiduciary duty by failing to conduct a proper investigation" and wrongfully denied "plaintiff's claim without a reasonable basis for the denial." Compl. ¶ 23, ECF No. 1. As Defendant notes, each of Plaintiff's claims seeks nearly identical relief. However, *Silva* explained that this factor alone is not enough to warrant dismissing a claim under ERISA at the motion to dismiss stage. 762 F.3d at 728 n. 12 ("The fact that the remedy sought is the same amount of money ... does not affect our analysis because the arguments [the plaintiff] makes to reach that remedy remain alternate, equitable theories of liability.") It is difficult to determine, solely from the face of the Complaint, the extent to which the two counts may ultimately differ. For this reason, at this stage, the Court concludes *Silva* directs that the Court not dismiss either count. *See* 762 F.3d at 727.[6]

---

6. The Court does not anticipate that denying this portion of Defendant's current Motion will impose a significant burden on either party because similar evidence is likely relevant to each count. *See Varity Corp.*, 516 U.S. at 514–15, 116 S.Ct. 1065 ("[C]haracter-

## III. CONCLUSION

Based upon the foregoing analysis, Defendant's Motion to Dismiss, ECF No. 10, is **granted in part and denied in part.** For the reasons stated, Plaintiff's state-law claim for breach of fiduciary duty and prayer for compensatory and punitive damages are **dismissed.** The motion is **denied** in regard to the breach of fiduciary claim alleged alternatively under § 1132(a)(3).

**IT IS SO ORDERED.**

izing a denial of benefits as a breach of fiduciary duty does not necessarily change the standard a court would apply when reviewing the administrator's decision to deny benefits. After all, *Firestone* [*Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) ], which authorized deferential court review when the plan itself gives the administrator discretionary authority, based its decision upon the same common-law trust doctrines that govern standards of fiduciary conduct.").