United States Court of Appeals

For the Eighth Circuit

_____

No. 23-3380

_____

Matthew Kale

*Plaintiff - Appellant*

v.

Aero Simulation, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: February 12, 2025
Filed: June 5, 2025

_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Matthew Kale sued his employer—Aero Simulation, Inc. (ASI)—alleging discrimination based on religion and disability in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) (ADA), the Religious Freedom Restoration Act (42 U.S.C. § 2000bb *et seq.*) (RFRA), "the Constitution," and state law. The district

court[1] dismissed the claims, ruling that (1) Kale failed to plausibly plead religious beliefs that conflict with ASI's Covid-19 policy, (2) he failed to allege ASI regarded him as disabled due to his unvaccinated status, and (3) his proposed amended complaint was futile. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

This court states the facts as set out in Kale's pro se complaint and proposed amended complaint. Defense contractor ASI required all employees to receive the Covid-19 vaccine during the pandemic. ASI told them that refusing to get vaccinated would result in administrative and disciplinary action, including termination. Employees who were not fully vaccinated "regardless of the reason" would be subject to routine testing.

Kale requested a religious exemption from the vaccination and testing requirements. His request stated: "God created me with an immune system and I will not modify what He has designed. I will not violate my God-given conscience to defile myself with unwanted intrusions into my body, which is a temple of the Holy Spirit." Kale offered to subject to alternative screening, such as temperature checks. ASI denied an exemption on the grounds that he was unwilling to undergo routine testing. Kale was ultimately terminated.

Kale filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging discrimination based on religion. ("I believe I have been discriminated against on the basis of my religion, Christian, in violation of Title VII of the Civil Rights Act of 1964, as amended."). The EEOC issued a right to sue letter. Kale sued ASI alleging religious discrimination in violation of Title VII, RFRA, the Constitution, and state law. He also alleged disability discrimination in violation of the ADA and state law.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-

ASI moved to dismiss for failure to state a claim. Kale moved for leave to file an amended complaint. The district court dismissed all claims and denied Kale's motion to amend as futile. Kale appeals the dismissal of his federal law claims.

## II.

The district court dismissed Kale's federal religious discrimination claims, ruling he failed to allege facts showing that ASI's testing requirement conflicted with his bona fide religious beliefs. "This court reviews de novo a 12(b)(6) dismissal." *Ringhofer v. Mayo Clinic*, 102 F.4th 894, 898 (8th Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

For each religious discrimination claim—Title VII, RFRA, and First Amendment—Kale must plausibly allege a bona fide religious belief that was burdened by an employment requirement.[2] *See Jones v. TEK Indus.*, 319 F.3d 355, 359 (8th Cir. 2003) (Title VII religious discrimination claim requires "a bona fide religious belief that conflicts with an employment requirement"); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 719 (2014) (RFRA claim requires a showing that

---

[2]Dismissing the claims on other grounds, this court declines to address whether Kale may sue ASI—a federal contractor—under RFRA and the First Amendment, which apply only to state action. *See* **U.S. Const., Amend. I** ("*Congress* shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . .") (emphasis added); **42 U.S.C. § 2000bb-1(a)** ("*Government* shall not substantially burden a person's exercise of religion . . . .") (emphasis added).

the government "'substantially burden[ed]' the exercise of religion"); ***Kennedy v. Bremerton School Dist.***, 597 U.S. 507, 525 (2022) (First Amendment free exercise claim requires a plaintiff to show that the government "burdened his sincere religious practice").

To survive a motion to dismiss, plaintiffs must "adequately identify religious views they believe to conflict with" the employer's policy. ***Ringhofer***, 102 F.4th at 901. "[B]eliefs do not have to be uniform across all members of a religion or 'acceptable, logical, consistent, or comprehensible to others.'" ***Id.*** at 902, *quoting* ***Thomas v. Review Bd. of Ind. Empl. Sec. Div.***, 450 U.S. 707, 714 (1981). In *Ringhofer*, this court considered allegations that an employer's Covid-19 policy burdened plaintiffs' bona fide religious beliefs, holding plaintiffs adequately pled a conflict. Plaintiffs alleged vaccination and testing requirements "conflicted with their Christian beliefs because . . . according to Scripture, their 'body is a temple' they must respect and protect." ***Id.*** at 898. Objecting to testing, plaintiffs' complaints stated:

- "Now the Holy Spirit dwells in her and she believes her body is a temple for the Holy Spirit that she is duty bound to honor. She does not believe in putting unnecessary vaccines or medications into her body, or going to the doctor or allowing testing of her body when it is not necessary. Accordingly, it violates her conscience to take the vaccine or to engage in weekly testing or sign a release of information that gives out her medical information." ***Id.*** at 902.

- "My faith is in my Creator who is my Healer (Ex 15:26). Faith is belief combined with action (Jam 2:17). Shifting my faith from my Creator to medicine is the equivalent of committing idolatry-holding medicine in greater esteem then Elohim (Col 3:5). I believe it is legitimate to utilize modern medicine for life-saving purposes; however, there is a fine line between using it and abusing it . . . . Excessive procedures, vanity surgeries, and redundant intrusive testing of healthy, asymptomatic humans is irresponsible and crosses the line violating my conscience before Elohim . . . ." ***Id.***

"By connecting their objection to testing to specific religious principles . . . [the plaintiffs] have satisfied their burden at [the pleading] stage." ***Id.***

In contrast, Kale's proposed amended complaint states:

- "God created me with an immune system and I will not modify what He has designed. I will not violate my God-given conscience to defile myself with unwanted intrusions into my body, which is a temple of the Holy Spirit."

Kale also details his concerns about "the composition and delivery mechanism of the currently available COVID-19 *vaccines*" because of his belief that "taking a biologic that alters mitochondrial RNA or cellular DNA is in violation of God's will and laws." (emphasis added). He then objects "to weekly testing for SAR-CoV-2 on the same grounds."

Kale's proposed amended complaint does not explain how ASI's *testing* procedures would intrude on his body or modify his immune system. Without factual allegations about the nature of the Covid-19 test (*i.e.*, a nasal swab as opposed to a saliva sample), this court is not required to assume the test intruded into Kale's body in violation of his alleged religious beliefs. *See **Stone v. Harry***, 364 F.3d 912, 915 (8th Cir. 2004) (Federal courts are not required "to assume facts that are not alleged."). Unlike the plaintiffs in *Ringhofer*, Kale fails to connect his objection to testing with his specific religious beliefs, as alleged.

Further, ASI's policy required Kale to be vaccinated *or* to test weekly. His objection to the vaccination requirement alone is insufficient to establish religious discrimination. The sincerity of Kale's religious beliefs is not before us. But because Kale's complaints (both pro se and proposed amended) fail to connect his objection to ASI's policy with his specific religious beliefs, he has not pled discrimination in violation of Title VII, RFRA, or the First Amendment.

## III.

Kale alleges ASI violated the ADA because it perceived him as disabled for his unvaccinated status. The district court found Kale "failed to articulate a prima facie case of discrimination under the ADA," declining to consider whether Kale properly exhausted his disability claim. "There is a 'long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003), *quoting Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938). "Until a plaintiff has pursued available administrative relief, 'suit is premature and must be dismissed.'" *Id.*, *quoting Reiter v. Cooper*, 507 U.S. 258, 269 (1993). "To assert an ADA . . . claim, [a plaintiff] must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC . . . ." *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018). *See also St. Martin v. City of St. Paul*, 680 F.3d 1027, 1031 (8th Cir. 2012) ("[B]ecause the [incident] was not part of [plaintiff's] discrimination charge before the EEOC, his ADA claim arising out of [that incident] necessarily fails for failure to exhaust administrative remedies.").

In his EEOC charge, Kale asserted discrimination based on religion only, not asserting discrimination based on disability. Because he failed to exhaust his administrative remedies, his ADA claim fails. The district properly dismissed the claim.

## IV.

Kale argues the district court erred by denying his motion to file an amended complaint. "[W]hen the district court denies leave on the basis of futility we review the underlying legal conclusions de novo." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). "The court should freely give leave [to amend] when justice so requires." **Federal Rule of Civil Procedure 15(a)(2)**. This court grants leave to amend "unless

there is a good reason for denial, such as . . . futility of the amendment." ***Becker v. Univ. of Neb. at Omaha***, 191 F.3d 904, 907–08 (8th Cir. 1999) (cleaned up). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." ***Zutz***, 601 F.3d at 850 (cleaned up).

As discussed, Kale's proposed amended complaint contains the same core deficiency as his pro se complaint:  It lacks sufficient factual matter to connect Kale's objection to testing to specific religious principles. ***Ringhofer***, 102 F.4th at 902.  Because the proposed amended complaint could not withstand a motion to dismiss, the district court properly denied the proposed amendment as futile.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____