**10-37-cv**
*Zherka v. Amicone*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: January 11, 2011      Decided: March 2, 2011)

Docket No. 10-37-cv

Selim Zherka,

*Plaintiff-Appellant*,

–v.–

Philip Amicone, in his Capacity as Mayor of the City of Yonkers,

*Defendant-Appellee*.[*]

Before:
POOLER, WESLEY, and CHIN, *Circuit Judges*.

Appeal from judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), entered on December 22, 2009, which dismissed with prejudice Plaintiff-Appellant's First Amendment retaliation claim on the ground that state-law *per se* defamation does not constitute concrete harm as required to maintain a cause of action for constitutional tort against a public official

---

[*]The Clerk of the Court is directed to amend the official caption in accordance with this opinion.

where plaintiff does not allege "actual chilling."

**AFFIRMED**.

_____

RORY J. BELLANTONI, Lovett & Bellantoni, LLP, Hawthorne, NY, *for Plaintiff-Appellant*.

BRIAN T. BELOWICH, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY, *for Defendant-Appellee*.

_____

WESLEY, *Circuit Judge*:

Under the law of this Circuit, the viability of a prima facie First Amendment retaliation claim depends on context. Private citizens alleging retaliation for their criticism of public officials must show that they engaged in protected speech, persons acting under color of state law took adverse action against them in retaliation for that speech, and the retaliation resulted in "actual chilling" of their exercise of their constitutional right to free speech. While in certain situations a showing of some other form of concrete harm may substitute for "actual chilling," a state-law theory of *per se* defamation does not sufficiently demonstrate harm and therefore does not establish a federal retaliation claim. Accordingly, the district court's judgment is **AFFIRMED**.

**I. BACKGROUND**

Selim Zherka owns and publishes the *Westchester Guardian*, a weekly periodical covering Westchester County, which encompasses the City of Yonkers. In the fall of 2007, the *Guardian* was highly critical of the Mayor of Yonkers, Philip Amicone, accusing him and his administration of, *inter alia*, corruption, fiscal mismanagement, and police brutality.

Zherka alleges that in retaliation for his publications Amicone publicly defamed him at a campaign event.[1] Specifically, Zherka alleges that Amicone stated that Zherka is a "convicted drug dealer," "Albanian mobster," and "thug," and that Zherka would, if Amicone lost his re-election bid, open "drug dens" and "strip clubs" throughout Yonkers and "loot" the "pension funds" of Yonkers residents and the city's own funds.

Shortly thereafter, Zherka sued Amicone, claiming Amicone violated his First Amendment rights, and that Amicone's alleged statements constitute *per se* defamation

---

[1] It is arguable that Amicone was not speaking in his official capacity when he made the alleged statements, but we assume for purposes of analysis that he was.

under New York common law.[2]  Zherka alleged prospective chilling of his First Amendment rights; *per se* defamation; irreparable injury to professional reputation; emotional upset; anxiety; public humiliation; public shame; public embarrassment; and being otherwise rendered sick and sore. Zherka sought compensatory and punitive damages, as well as attorney's fees and costs.[3]

Amicone admitted that he was present at the meeting, but denied making the alleged statements.  He raised multiple affirmative defenses, including failure to state a claim upon which relief could be granted, and no cognizable injury or damages.  Amicone moved for judgment on the pleadings with an award of fees and costs.

Judge Seibel dismissed Zherka's First Amendment retaliation claim with prejudice, on the ground that *per se* defamation cannot constitute harm under this Court's standard for this type of claim.  She declined to exercise supplemental jurisdiction over the remaining state-law

---

[2]Zherka also alleged a violation of his right to travel under the Fourteenth Amendment.  He wisely withdrew this claim prior to the judgment below.

[3]Only costs were sought on the state-law claim.  Attorneys' fees and costs were sought on the two federal claims, pursuant to 42 U.S.C. § 1988(b) (allowing for discretionary awards of "a reasonable attorney's fee" to prevailing parties other than the United States in suits brought under § 1983 and other civil rights statutes).

defamation claim, dismissing it without prejudice.  Zherka timely appealed to this Court, seeking reversal of the grant of judgment on the pleadings.

## II. DISCUSSION[4]

"To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights – in other words, there is an injury requirement to state the claim." *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002) (per curiam).  Various forms of harm have been accepted as satisfying this injury requirement in the context of a claim that a public official has injured the plaintiff in retaliation for her exercise of her First Amendment rights.

"We have described the elements of a First Amendment retaliation claim in several ways, depending on the factual context." *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008).  For example, public employees must show

---

[4]We review *de novo* the grant of a motion for judgment on the pleadings. *See, e.g.*, *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  In this review, we accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

adverse employment action.  *Id.*  For their part, inmates must show "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights."  *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (internal quotation marks and citation omitted).

By contrast, private citizens claiming retaliation for their criticism of public officials have been required to show that they suffered an "actual chill" in their speech as a result.  *Id.* (citing *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).  However, in limited contexts, other forms of harm have been accepted in place of this "actual chilling" requirement.  *See, e.g.*, *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. 2002) (alleging retaliatory revocation of building permit); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 195 (2d Cir. 1994) (alleging retaliatory failure to enforce zoning laws); *see also Gill*, 389 F.3d at 383 (explaining that "the *Gagliardi* plaintiffs' retaliation claim apparently survived a motion to dismiss because . . . they adequately pleaded non-speech injuries").  Despite these limited exceptions, as a general matter, First Amendment retaliation plaintiffs

must typically allege "actual chilling."

In this case, Zherka does not allege actual chilling.[5] Rather, he seeks to meet the injury requirement by asserting that defamation *per se* as recognized under New York law identifies a cognizable injury without the necessity of showing actual damage to his business or reputation. The district court disagreed and concluded that presumed damages under the New York law of *per se* defamation, unaccompanied by any allegations of particular injury, were not sufficiently tangible to serve as a substitute for "actual chilling." We agree.

New York law has long recognized that "[w]hen statements fall within" established categories of *per se* defamation,[6] "the law presumes that damages will result, and

---

[5]Indeed, it would be difficult for him to do so. After the alleged defamatory statements, the *Guardian* continued to publish articles critical of Amicone, with headlines (quoted by the defense in its motion for judgment on the pleadings and not contested in Zherka's memo of opposition) such as "Mayor Amicone Stumbles Over the First Amendment," "Dumb, Dumber and Dumbest," and "Scrooge Amicone – Rapes Taxpayers; Rewards Cronies." Far from chilling Zherka's speech, Amicone's alleged statements seem rather to have inflamed it.

[6]There are "four established exceptions [to the requirement that plaintiff allege special damages] consist[ing] of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman." *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992) (citations omitted). This final category is codified: "In an action of slander of a woman imputing unchastity to her, it is not necessary to allege or prove special damages." N.Y. Civ. Rights Law § 77 (McKinney 2009). The other three categories are uncodified. *See generally* 2 Ernest P. Seelman, The Law of Libel and Slander in the State of New York 869-75; *see also* Restatement (Second) of Torts §§ 570-74 (1977).

they need not be alleged or proven." *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992). Defamation law plays an important role, in that the state "has a pervasive and strong interest in preventing and redressing attacks upon reputation." *Rosenblatt v. Baer*, 383 U.S. 75, 86 (1966).

But § 1983 has a quite different purpose: it "provide[s] a remedy when federal rights have been violated through the use or misuse of a power derived from a State." *Kletschka v. Driver*, 411 F.2d 436, 448-49 (2d Cir. 1969). To that end, a requirement that plaintiffs allege "actual chilling" ensures an identified injury to one's right to free speech is established. Hurt feelings or a bruised ego are not by themselves the stuff of constitutional tort. *See, e.g.*, *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (requiring a "state-imposed burden or alteration of status . . . *in addition* to [a] stigmatizing statement") (emphasis in original, internal quotation marks omitted).

Where chilling is not alleged, other forms of tangible harm will satisfy the injury requirement, since "standing is no issue whenever the plaintiff has clearly alleged a *concrete* harm independent of First Amendment chilling." *Gill*, 389 F.3d at 383 (emphasis added). In our view, the

presumed damages of defamation *per se* under New York law do not establish a concrete harm sufficient for a federal claim of First Amendment retaliation.

"The common law of defamation is an oddity of tort law, for it allows recovery of purportedly compensatory damages without evidence of actual loss." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974). *Gertz* recognized the tension between the state's interest in protecting a citizen's reputation on the one hand, and the "constitutional command of the First Amendment" on the other. *Id.* There, the question was whether the state's common law of defamation provided an action based upon constitutionally protected speech. The Supreme Court found that states were prohibited by the First Amendment from permitting recovery of presumed or punitive damages absent a showing of malice. *Id.*[7]

This case does not require us to measure the constitutional dimensions of a state's tort law. It simply asks: is the injury presumed by state law to arise from mere utterance of words solid enough ground on which to construct

---

[7] "The constitutionality of the common law rule that nominal damages may be recovered for a defamatory communication that is actionable per se, even in the absence of proof of harm to reputation, is now somewhat uncertain." Restatement (Second) of Torts § 569 cmt. c (1977).

a federal constitutional tort claim?  We have before us, in a sense, "speech against speech."  Zherka's publications are core protected speech under the First Amendment.  Amicone's alleged retaliation did not come in the form of denial of a permit or threat of a lost contract.  Rather, it was a group of statements – none very kind – about Zherka.  Retaliatory insults or accusations may wound one's soul, but by themselves they fail to cross the threshold of measurable harm required to move government response to public complaint from the forum of free speech into federal court.[8]

Our holding today does not rule out the use of non-*per se* claims of defamation in § 1983 First Amendment retaliation claims.  Where concrete harm is alleged and specified, the claim may proceed.  Allegations of loss of business or some other tangible injury as a result of a defendant's statements would suffice to establish concrete harm.  But the presumed injury of New York's theory of *per se* defamation is inadequate.

---

[8]Some other appellate courts have rejected similar attempts to use allegedly defamatory statements, without a showing of harm, as a basis to claim First Amendment retaliation.  While our sister circuits apply a different standard, inquiring in all cases whether a person of "ordinary firmness" would have been deterred by the alleged retaliation, even under this standard allowing for a broader range of actionable conduct they have consistently rejected claims like Zherka's.  This similarity of outcome confirms our sense that *per se* defamation is insufficient to establish a constitutional tort.  *See, e.g.*, *Zutz v. Nelson*, 601 F.3d 842, 849 (8th Cir. 2010); *Mezibov v. Allen*, 411 F.3d 712, 722 (6th Cir. 2005).

We need not decide if allegations of emotional and psychological harm would establish compensable injury in a First Amendment retaliation claim.[9]  Zherka did allege both, but in a most cursory fashion.  As pleaded, the allegations are insufficient to establish facial plausibility under the standard set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  In any event, Zherka's attorney affirmed, in response to a direct question from Judge Seibel, that *per se* defamation was the only harm alleged.

The arena of political discourse can at times be rough and tough.  Public officials must expect that their decisions will be subjected to withering scrutiny from the populace.  A public official's response to that criticism is subject to limits, but the injury inflicted by that response must be real.  Without that limitation, the Constitution would change from the guarantor of free speech to the silencer of public debate.

---

[9]Our sister circuits have explicitly left this possibility open as a result of their reliance on the "person of ordinary firmness" standard in all types of First Amendment retaliation cases. *See, e.g.*, *Mattox v. City of Forest Park*, 183 F.3d 515, 521 (6th Cir. 1999) ("We recognize that in some cases 'injury based on embarrassment, humiliation, and emotional distress' is sufficient to be actionable under § 1983." (quoting *Bloch v. Ribar*, 156 F.3d 673, 679-80 (6th Cir. 1998))).  By contrast, our requirement of actual chilling or concrete harm in this particular type of retaliation case demands more than the test applied by our sister circuits.

## III. CONCLUSION

The district court's judgment of December 22, 2009 dismissing with prejudice Plaintiff-Appellant's First Amendment retaliation claim is hereby **AFFIRMED**.