11-4011-cv
Karlen v. Landon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
  REENA RAGGI,
  GERARD E. LYNCH,
  *Circuit Judges.*

-----------------------------------------------------------------------
CARLA KARLEN, on her own behalf and as next friend of
J.K. and D.K., minor children,
  *Plaintiff-Appellant*,

  v.                                                        No. 11-4011-cv

ELLIOT LANDON, CYNTHIA GILCHRIST, LORRAINE
DINAPOLI, BOARD OF EDUCATION, WESTPORT,

  *Defendants-Appellees,*

TOWN OF WESTPORT, KAYE MAY,
  *Defendants.**
-----------------------------------------------------------------------

---

*The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLANT:                    Josephine Smalls Miller, Esq., East Hartford, Connecticut.

FOR APPELLEES:                    Alexandra L. Voccio, Howd & Ludorf, LLC, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 31, 2011, is AFFIRMED.

Carla Karlen appeals on her own behalf and that of her minor children, "D.K." and "J.K.," from an award of summary judgment in favor of Westport, Connecticut public school officials, as well as the Westport Board of Education (the "Board"), on claims of, inter alia, race discrimination under Title VI of the Civil Rights Act, 42 U.S.C. 2000d et seq., and the Equal Protection Clause of the Fourteenth Amendment; First Amendment retaliation; and intentional infliction of emotional distress under Connecticut law. We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.  See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012).  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Race Discrimination

    a.    Deliberate Indifference

Karlen contends that defendants were deliberately indifferent to racial harassment of D.K. and J.K. by other students, in violation of the Equal Protection Clause, see 42 U.S.C. § 1983, and (in the case of the Board) Title VI.  To succeed on a deliberate indifference claim, a plaintiff must prove that (1) the child in question was in fact harassed by other students based on race, (2) the defendant had actual knowledge of the harassment, and (3) the defendant's response was "clearly unreasonable in light of the known circumstances." Gant ex rel. Gant v. Wallingford Bd. of Educ., 195 F.3d 134, 140–141 & n.6 (2d Cir. 1999) (internal quotation marks omitted); accord DiStiso v. Cook, 691 F.3d 226, 241 (2d Cir. 2012).[1]  Ms. Karlen argues that the district court erred in holding that no rational factfinder could conclude on this record that defendants' response to known discrimination was "clearly unreasonable."  The argument fails on the merits.

As a threshold matter, Karlen is correct that deliberate-indifference analysis in this case could encompass evidence pertaining to both siblings. See Doe v. N.Y.C. Dep't of Soc.

---

[1] Karlen argues that the district court failed to acknowledge our precedent recognizing that what a defendant "should have known" can, in some circumstances, support an inference of actual knowledge.  Gant ex rel. Gant v. Wallingford Bd. of Educ., 195 F.3d at 141 n.6. Because Karlen does not challenge any specific determinations by the district court as to what was known to defendants for purposes of deliberate-indifference analysis, or point to any evidence as to what else defendants "should have known," the point merits no further discussion.

<u>Servs.</u>, 649 F.2d 134, 147 (2d Cir. 1981) (holding, in context of deliberate indifference claim against foster placement agency, that trial court erroneously excluded evidence of abuse of plaintiff's foster sister; "[w]hile the agency's failure to discover the sister's abuse would be by no means dispositive of whether the agency was deliberately indifferent in [plaintiff's] case, evidence need not be conclusive in order to be relevant"). We need not here decide whether the district court followed this precedent because, on <u>de novo</u> review, we conclude that Karlen has failed to raise an issue of material fact with respect to the reasonableness of defendants' responses, even when the evidence pertaining to both J.K. and D.K. is considered.

Several of Karlen's arguments are not firmly grounded in the record. For example, Karlen suggests that principal Barbara Lasher's direction to teachers at the Long Lots Elementary School to address racial tolerance with students was a clearly unreasonable response to a 2004 incident "when J.K. was called the 'N' word and told he wasn't black." Appellant's Br. 21. The record, however, indicates that Lasher was responding only to a classmate's telling J.K. that he was not black. At his deposition, J.K. himself stated that he did not report a classmate's racial epithet to anyone at school. Lasher's email cannot be deemed a "clearly unreasonable" response to the conduct of which she was actually aware. See <u>Gant ex rel. Gant v. Wallingford Bd. of Educ.</u>, 195 F.3d at 141 (reiterating Supreme Court's admonition that the "clearly unreasonable" requirement does not equate to "mere

4

'reasonableness' standard that transforms every school disciplinary decision into a jury question").[2]

Similarly, it misstates the record to suggest that the white classmate who struck D.K. on the head with a water bottle "laughed about it" and "suffered no discipline." Appellant's Br. 13–14. The record provides no evidence that the child laughed, and D.K. testified that she "kn[e]w for a fact" that the other child received "detention for a week" as punishment for the assault. Karlen also asserts that J.K. was "punched in the face by a white student," and then "reprimanded while the white student was not." Id. at 13. J.K. did not testify that he was reprimanded. Rather, he testified that the teacher directed him to move to a different table where he would not be beside the girl who had struck him, because the teacher "just wanted us to be separated." S.A. 73.

Moreover, in neither of the above cases does the record reveal a racial basis for the conduct at issue. Thus, these incidents yield no jury question of deliberate indifference to racial harassment. See DiStiso v. Cook, 691 F.3d at 244–45.

Insofar as Karlen advised school officials that between 1999 and 2000, students made reference to D.K.'s skin color as "mocha" or "white with a tan," S.A. 120, the record indicates that the school principal and therapist both met with D.K. to discuss these incidents.

_____

[2] This admonition would, of course, guide our review even if Lasher's response had been directed to both occurrences cited by plaintiff. This is not a case in which the record would permit plaintiff to claim that defendants failed to respond at all to children's use of vile racial epithets. See DiStiso v. Cook, 691 F.3d at 244–45.

While Karlen may disagree with defendants' decision to focus on helping D.K. rather than punishing the students who made the comments, the decision cannot be deemed clearly unreasonable.

As for evidence of racially disparaging remarks made to J.K. by a fellow student on the school bus, there is no record evidence that J.K. or his parents ever reported the incident to school officials. Karlen argues instead that J.K.'s teacher, Ms. Klunk, who is not a defendant, must have known of the bus remark, because she made the same student apologize for a racially insensitive remark that he made in school, which J.K. did report to her. The urged inference is too attenuated. Indeed, the record can only reasonably support a finding that J.K's teacher was prepared to take reasonable action in response to any student racial harassment of which she was made aware.

Finally, Karlen contends that a reasonable juror could find that the appellees were deliberately indifferent to the racial animus prompting D.K.'s physical injuries at the hands of other students in 2000–2001. While D.K.'s father suggested in a letter to Defendant Landon that D.K.'s biracial ethnicity might be one reason for her having been "targeted," S.A. 194, in the same letter he conceded that one of the incidents was an accident, and that the principal had taken "appropriate action" in meeting with D.K. and the other student involved in the second incident and in reaching the "good faith" determination that it too was an accident. S.A. 195. As for the third incident, in which a student swung "a pencil like a sword and challeng[ed D.K.] to a sword fight," S.A. 193, because the incident on its face did

6

not bespeak racial animus, and in light of the evidence of defendants' response to racial harassment of which they were made aware, its occurrence alone is not enough to demonstrate a clearly unreasonable response to racial harassment.

Insofar as Karlen relies on <u>DiStiso v. Town of Wolcott</u>, 750 F. Supp. 2d 425 (D. Conn. 2010), to argue that defendants' knowledge of the racial motivation for these physical incidents could be inferred from their knowledge of racial name-calling in 1999 and 2000, we reject that argument for reasons stated on appeal from that decision, <u>see</u> <u>DiStiso v. Cook</u>, 691 F.3d at 246 ("Absent <u>some</u> . . . evidence to connect . . . racial name-calling to . . . later commonplace physical misbehavior, there is no basis in established law for inferring that a teacher who receives complaints as to the racial motivation for former conduct has actual knowledge that the latter conduct is similarly motivated.").

Accordingly, like the district court, we conclude that defendants are entitled to summary judgment on Karlen's claims of deliberate indifference.

b.     <u>Direct Race Discrimination</u>

As to Karlen's claim that defendants had themselves discriminated against her children based on race, we affirm the award of summary judgment for the reasons stated by the district court. Karlen's "conclusory statements or mere allegations" that racial animus informed the teachers' actions about which she complains are "not sufficient to defeat a summary judgment motion." <u>Davis v. New York</u>, 316 F.3d 93, 100 (2d Cir. 2002).

7

2.     First Amendment Claim

In challenging the district court's award of summary judgment on her First Amendment retaliation claims, Karlen does not repeat her assertion below that her speech was actually chilled. See Pl.'s Mem. Opp. S.J. 35. Instead, she asserts that no chilling need be shown where there is other "tangible injury." This argument is forfeited, however, as Karlen did not raise it in the district court. See Oneida Indian Nation v. Madison County, 665 F.3d 408, 441 (2d Cir. 2011) (holding arguments not raised in the district court to be forfeited on appeal).

Even without this procedural obstacle, Karlen would not be entitled to relief from judgment. Gill v. Pidlypchak, 389 F.3d 379 (2d Cir. 2004), on which Karlen relies, recognized in dicta that in two prior cases involving allegedly retaliatory zoning determinations, we had not insisted upon a chilling to maintain a First Amendment retaliation claim. Id. at 383. But this case involves no comparable tangible injury. As we have recently reaffirmed, "[d]espite these limited exceptions, as a general matter, First Amendment retaliation plaintiffs must typically allege 'actual chilling.'" Zherka v. Amicone, 634 F.3d 642, 645 (2d Cir. 2011).

Accordingly, we affirm the award of judgment on this claim.

3.     Intentional Infliction of Emotional Distress

Karlen's conclusory challenge to the award of judgment on her claim of intentional infliction of emotional distress fails to demonstrate how the record evidence satisfies the

8

requirements of Connecticut law as stated in <u>Appleton v. Board of Education</u>, 254 Conn. 205, 210 (2000), and the other cases cited by the district court. Like the district court, we conclude that judgment must be entered in favor of defendant.

3. <u>Conclusion</u>

We have considered Karlen's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court