14-4448-cv
*Brinn v. Syosset Pub. Library*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                         *Circuit Judges.*

---

JOSHUA BRINN,

            *Plaintiff-Appellant,*                14-4448-cv

        v.

SYOSSET PUBLIC LIBRARY, MORRIS DUFFY ALONSO & FALEY, GRAPHIC ARTS MUTUAL INSURANCE COMPANY, JUDITH LOCKMAN, DIRECTOR OF THE SYOSSET PUBLIC LIBRARY, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, ROBERT GLICK, TRUSTEE OF THE SYOSSET PUBLIC LIBRARY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,

            *Defendants-Appellees.*[*]

---

[*] The complaint erroneously named "Utica National Insurance Company" as a defendant. The correct entity is Graphic Arts Mutual Insurance Company, which is wholly owned by Utica Mutual Insurance Company and is a member of the Utica National Insurance Group. The Clerk of Court is directed to amend the caption as set forth above.

1

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Joshua Brinn, *pro se*, Plainview, NY. |
| **FOR DEFENDANTS-APPELLEES SYOSSET PUBLIC LIBRARY, LOCKMAN, AND GLICK:** | Thomas Anthony Catalano, Lester Schwab Katz & Dwyer, LLP, New York, NY. |
| **FOR DEFENDANT-APPELLEE MORRIS DUFFY ALONSO & FALEY:** | Peter L. Contini, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY. |
| **FOR DEFENDANT-APPELLEE GRAPHIC ARTS MUTUAL INSURANCE CO.:** | Sherri N. Pavloff, Farber Brocks & Zane L.L.P., Garden City, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Joshua Brinn ("Brinn"), an attorney proceeding *pro se*,[1] appeals from an October 30, 2014 judgment dismissing his case with prejudice, which followed a July 18, 2011 order denying his motion to amend his complaint (Thomas C. Platt, *Judge*), and an October 29, 2014 order granting summary judgment for defendants (Sandra J. Feuerstein, *Judge*). Specifically, Brinn challenges the District Court's grant of summary judgment in favor of defendants-appellees Syosset Public Library ("the Library"), Library director Judith Lockman ("Lockman"), Library trustee Robert Glick ("Glick"), and the law firm of Morris Duffy Alonso & Faley ("Morris Duffy"), as well as the court's denial of his motion to amend his complaint as to defendant-appellee Graphic Arts Mutual Insurance Company ("Graphic Arts"), which had been dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As relevant here, Brinn alleges, pursuant to 42 U.S.C. § 1983, that defendants conspired to terminate his employment with Morris Duffy in retaliation for his filing a complaint against the Library, in violation of the First and Fourteenth Amendments. Brinn also alleges free speech violations under the New York State Constitution and, as to the Library, tortious inference with business relations under New York law.

---

[1] Because Brinn is an attorney, his submissions are not entitled to the liberal construction we normally afford to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

On appeal, Brinn argues (1) that he should have been permitted to amend his complaint with respect to Graphic Arts, and (2) that the District Court ignored genuine issues of material fact with respect to (a) whether defendants violated Brinn's free speech rights, (b) whether Lockman was personally involved in the alleged retaliation again Brinn, and (c) whether Morris Duffy acted under color of state law for purposes of § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. Leave to Amend

We generally review a denial of leave to amend for "abuse of discretion." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Here, however, the denial of leave to amend was based on the District Court's determination that amendment would be futile, which we review *de novo. Id.*

Although "a 'court should freely give leave [to amend the complaint] when justice so requires,' . . . a request to replead should be denied in the event that amendment would be futile." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) (quoting Fed. R. Civ. P. 15(a)(2)) (alteration in original). "An amendment . . . is futile if the proposed claim could not withstand a motion to dismiss . . . ." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Brinn argues that his proposed amendment would correct a defect in his original complaint by alleging (1) that Glick asked Betty Winkler ("Winkler"), a Graphic Arts claims adjuster, "to threaten plaintiff's employment" so that Brinn would end his suit, and (2) that Winkler did so. These allegations essentially reiterate what Brinn alleged unsuccessfully in his original complaint. Moreover, the proposed amendment contradicts his own description of the evidence, both in his appellate brief and in a declaration attached to his proposed amended complaint. *See* Brinn Br. 15 ("Winkler . . . explicitly stated . . . that she had no problem with Brinn continuing with his claim . . ."); Special App. 189 (same); *see also L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (noting that courts need not accept the truth of a plaintiff's allegations when they are contradicted by documents attached to the complaint). We therefore affirm the District Court's determination that amendment would be futile.

## B. Summary Judgment

We review grants of summary judgment *de novo*, assessing whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We "resolve all ambiguities and draw all reasonable inferences against the moving party." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). Summary judgment is appropriate "[w]here

3

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We affirm the District Court's grant of summary judgment. Brinn's § 1983 claim against Morris Duffy fails because he has presented no evidence that the firm acted under color of state law. For purposes of § 1983, a private entity acts under color of state law when (1) "the State compelled the conduct," (2) "there is a sufficiently close nexus between the State and the private conduct," or (3) the private conduct involved a traditional "public function." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal quotation marks omitted). "The fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Id.* (internal quotation marks omitted). Here, Brinn has not produced any evidence—aside from his bare allegation—that Morris Duffy's alleged firing of Brinn was "fairly attributable" to the Library.

Brinn's claims against the Library, Lockman, and Glick fail for a similar reason. To prevail on a First Amendment retaliation claim, a plaintiff must show, *inter alia*, that "defendants' actions had some actual, non-speculative chilling effect on his speech," *Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d Cir. 2008) (alteration and internal quotation marks omitted), or that the retaliation inflicted some "concrete harm," *Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). Here, the record shows that Brinn's protected activity—*i.e.*, his suit against the Library—suffered no "chill," since he filed a second notice of claim after the Library's alleged retaliation. Moreover, although Brinn presented evidence that he was fired for bringing his complaint, nothing in the record indicates that the Library or its representatives caused, or even sought, his termination. *See Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir. 2011) ("To state a claim under Section 1983, a plaintiff must allege facts indicating that some *official action has caused* the plaintiff to be deprived of his or her constitutional rights . . . ." (emphasis supplied)).

Finally, the District Court correctly granted summary judgment with respect to Brinn's tortious interference claim against the Library. Under New York law, "[a]n at-will employee may maintain a tortious interference claim" only if he or she can "establish that a third party used wrongful means to effect the termination[,] such as fraud, misrepresentation, or threats, that the means used violated a duty owed by the defendant to the plaintiff, or that the defendant acted with malice." *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001) (internal quotation marks omitted). Nothing in the record, aside from Brinn's conclusory allegations, suggests, much less shows, that the Library, Glick, or Lockman used wrongful means—or, indeed, any means at all—to effect Brinn's termination, or that they acted with malice. *See Bermudez v. City of New York*, 790 F.3d 368, 373-74 (2d Cir. 2015) ("To defeat summary judgment[,] non-moving parties must do more than simply show that there is some metaphysical doubt as to the material facts[,] and they may not rely on conclusory allegations or unsubstantiated speculation." (ellipsis and internal quotation marks omitted)). Nor has Brinn argued that the Library owed him any duty.

4

## CONCLUSION

We have reviewed all of the arguments raised by Brinn on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk