15-3434-cv
Johnson v. Dobry

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand sixteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
            *Circuit Judges*.

-----------------------------------------------------------------------

VANDYKE JOHNSON,
          *Plaintiff-Appellant*,

      v.
                                      No. 15-3434-cv

DOBRY, Port Authority Police Officer, Tax I.D. 0453440, in his individual and official capacity,
          *Defendant-Appellee*,

PORT AUTHORITY POLICE DEPARTMENT, RICHARD A. BROWN, MALINI, Assistant District Attorney, in her individual and official capacity, NEW YORK CITY DEPARTMENT OF CORRECTIONS, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and CITY OF NEW YORK,
          *Defendants*.[*]

-----

[*] The Clerk of Court is directed to amend the caption as set forth above.

----------------------------------------------------------------------

APPEARING FOR APPELLANT:     VANDYKE JOHNSON, *pro se*, New York, New York.

APPEARING FOR APPELLEE:     CHERYL NANCY ALTERMAN, Esq. (James M. Begley, Esq., *on the brief*), *for* Defendant-Appellee Police Officer Dobry, and *for* Defendant Port Authority of New York and New Jersey, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 26, 2015, is AFFIRMED.

Plaintiff Vandyke Johnson, proceeding pro se, appeals from the dismissal of his claims for false arrest, denial of due process, and malicious prosecution brought under 42 U.S.C. § 1983 against the Port Authority of New York and New Jersey ("Port Authority"), the Port Authority Police Department ("Police Department"), Port Authority Police Officer Kenneth Dobry, the City of New York ("City"), Queens County District Attorney Richard Brown, Assistant District Attorney Malini, and the New York City Department of Corrections ("DOC").[1]   We review de novo the dismissal of a complaint pursuant to either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."   Chambers v. Time Warner, Inc., 282

---

[1]  While Johnson listed in his opening brief only Officer Dobry as an appellee, his appeal addressed dismissal of his complaint as to all of the defendants, and so we do the same here.

2

F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)); accord Giano v. Goord, 250 F.3d 146, 149–50 (2d Cir. 2001) (§ 1915(e)(2)).   The complaint must plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   Although a court must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    False Arrest

The district court correctly dismissed Johnson's false arrest claim against Officer Dobry because Johnson was arrested pursuant to a warrant, which was presumed to have issued on probable cause, see Walczyk v. Rio, 496 F.3d 139, 155–156 (2d Cir. 2007), the existence of which is a complete defense to a § 1983 claim for false arrest, see Simpson v. City of New York, 793 F.3d 259, 265 (2d Cir. 2015).   Johnson conceded the existence of the outstanding warrant, but maintained that it was issued in error.   The argument could not defeat dismissal because Officer Dobry was entitled to rely on the warrant unless he had been involved in obtaining it by fraud or it was invalid on its face. Johnson does not allege the former, and the fact that he was out of the country when the warrant issued did not render it facially invalid.

Ordinarily, pro se complaints should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives "any indication" that a valid claim might be stated.   Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir.

3

2009). A district court need not grant leave to amend, however, when amendment would be "futile." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, amendment would have been futile because Officer Dobry's entitlement to qualified immunity is evident on the face of Johnson's complaint, see McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004), and he points to no facts or law to the contrary.

Even crediting Johnson's allegations on appeal that he presented "legal paperwork" showing that the warrant issued in error, Appellant's Br. 4, Officer Dobry's reliance on the warrant was objectively reasonable, affording him qualified immunity, see Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 433 (2d Cir. 2009) ("A police officer who has an objectively reasonable belief that his actions are lawful is entitled to qualified immunity."). Although Johnson alleged that he repeatedly professed innocence to Officer Dobry and explained that the warrant was a mistake, "police are not bound to credit such protestations." Caceres v. Port Auth. of N.Y. & N.J., 631 F.3d 620, 623 (2d Cir. 2011); cf. also United States v. Towne, 870 F.2d 880, 884 (2d Cir. 1989) (affirming district court's denial of defendant's suppression motion as a result of finding of probable cause to arrest based on outstanding warrant, despite protestations of defendant's probation and parole officer as to invalidity of warrant).

Accordingly, the false arrest claim was correctly dismissed, and leave to amend would have been futile.

2.    Other Claims

The district court correctly dismissed Johnson's claims against ADA Malini based on absolute prosecutorial immunity. See Shmueli v. City of New York, 424 F.3d 231,

4

236–37 (2d Cir. 2005). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks omitted).

Johnson's claims against District Attorney Brown in his official capacity, the Port Authority and its Police Department, and the City all failed because he did not adequately plead an official policy or custom that resulted in the alleged violation of his constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); accord Littlejohn v. City of New York, 795 F.3d 297, 314–15 (2d Cir. 2015). Moreover, in his briefs and at oral argument, Johnson has failed to indicate how he would adequately plead any such official policy or custom. Therefore, the district court did not abuse its discretion in dismissing these claims without leave to amend. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131–32 (2d Cir. 1993).

Johnson's claims against DOC were correctly dismissed because, as a city agency, it is not a suable entity. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of an agency, except where otherwise provided by law."); cf. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City.").

Finally, because the district court correctly dismissed all of Johnson's federal claims, it was entitled to decline to exercise supplemental jurisdiction over his state-law claims. See 28 U.S.C. § 1367(c)(3).

5

3.      Conclusion

We have considered Johnson's remaining arguments and conclude that they are

without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6