16-2357-pr
*Sullivan v. City of New York, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

SEAN SULLIVAN,

> *Plaintiff-Appellant*,

v.                                                                    16-2357

CITY OF NEW YORK, DETECTIVE THOMAS MARKARDT, Shield No. 6869, POLICE OFFICERS JOHN/JANE DOES, 1-5, SUPERVISORY WARDEN, of Rikers Island Correctional Facility, JOHN/JANE DOES, 6-8, employees of the New York City Corrections Department, JOHN/JANE DOES, 9-11, Assistant U.S. Attorneys, NEW YORK CITY CRIMINAL JUSTICE AGENCY, JANE DOE, 12, an employee of the New York City Criminal Justice Agency, POLICE OFFICER JOHN DOE, #1, present at the arrest and detention of Plaintiff on 12/2/12, JOHN DOE, present at the arrest and detention of Plaintiff on 12/2/12, JANE DOE, present at the arrest and detention of Plaintiff on 12/2/12, JOHN DOE, present at the arrest and detention of Plaintiff on 12/2/12, SUPERVISOR WARDEN, Rikers Island Correctional Facility, JOHN DOE, present at the arrest and detention of Plaintiff on 12/2/12, Employee of the New York City Corrections Department JANE DOE #6, who was working at Central Booking at the time Plaintiff was

transferred to Rikers Island, Employee of the New York City Corrections Department JOHN DOE #7, who gave Plaintiff a medical examination at Rikers Island, Employee of the New York City Corrections Department JOHN DOE #8, who processed Plaintiff at Rikers Island Intake for transfer into the general population, JANE DOE, who filed initial criminal charges against Plaintiff, JANE DOE, who negotiated the plea bargain terms with Plaintiff's attorney, JOHN DOE, who negotiated plea bargain terms with Plaintiff's attorney, Employee of the New York City Criminal Justice Agency JANE DOE #12, who recommended that Plaintiff be released on certain bail conditions, DETECTIVE RIVERA, Tax# 904912, POLICE OFFICER ARAFAT COOPER, Shield #10092, POLICE OFFICER MARC MANCINI, Tax #924121, RIVERA, Tax #9453395, EMANUEL, Tax #934825, CAMPBELL, DETECTIVE DILBERIAN,

*Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Sean Sullivan, pro se, New York, New York. |
| For Defendants-Appellees: | Fay Sue Ng, Susan Paulson, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York (for municipal Defendants-Appellees); |
| | David S. Rutherford, Rutherford & Christie, LLP, New York, New York (for Defendant-Appellees New York City Criminal Justice Agency and Employee of the New York City Corrections Department Jane Doe #6). |

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sean Sullivan appeals from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*), entered on March 19, 2015, dismissing his claims asserted under 42 U.S.C. § 1983 against the City of New York ("City"), five New York City Police Department ("NYPD") officers, the New York Criminal Justice Agency ("CJA"), a

2

CJA employee, a supervisory warden of Riker's Island ("Warden"), the New York City Department of Corrections ("DOC"), several DOC employees, and two Kings County Assistant District Attorneys ("ADAs"). Sullivan also appeals from an order denying his motion to reconsider. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first conclude that the district court properly dismissed the claims against the DOC, the Warden, the ADAs, and the DOC employees. The DOC is a non-suable city agency. *See Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City of New York, not an agency). In any event, Sullivan did not properly identify a DOC practice or policy that caused the alleged constitutional violations, *see Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992) (relying on *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)); Sullivan's complaint did not sufficiently allege the Warden's or the DOC employees' personal involvement in the deprivation of his constitutional rights, *see Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); and the ADAs are immune from suit, *see Warney v. Monroe County*, 587 F.3d 113, 120-21 (2d Cir. 2009) (discussing the absolute immunity afforded prosecutors involved in acts "intimately associated with the judicial phase of the criminal process").

Even if the DOC employees' personal involvement had been sufficiently alleged, Sullivan did not adequately assert that they committed any constitutional violations. Sullivan alleged that he lost property at the hands of DOC employees. A state employee's deprivation of a prisoner's property is not actionable under § 1983, however, if state law post-deprivation remedies are

3

constitutionally adequate. *See Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998). Sullivan failed to demonstrate that state law post-deprivation remedies were constitutionally inadequate. In addition, Sullivan alleged that the ADAs acted outside the scope of their prosecutorial authority in providing assistance to his ex-wife in child custody and family court matters. But that injury is not a cognizable basis for a § 1983 claim, and the ADAs' actions have no bearing on any of his false arrest, malicious prosecution, or false imprisonment claims. *See Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir. 2011) (stating that a plaintiff must allege facts "indicating" that "official action" "deprived [him] of his . . . constitutional rights).

Second, the district court properly dismissed the claims against the CJA and CJA employee under Federal Rule of Civil Procedure 12(b)(6). Sullivan claimed that his Sixth Amendment rights were violated when his CJA interview was conducted without counsel present. But Sullivan had no right to counsel until "the time that adversary judicial proceedings [were] initiated." *Kirby v. Ill.*, 406 U.S. 682, 688 (1972). Because Sullivan was arrested on New York state law charges, the adversarial judicial proceeding began with "the filing of an accusatory instrument." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 349 (2d Cir. 1998). Since no accusatory instrument had been filed at the time of Sullivan's CJA interview, his right to counsel had not yet attached. In any event, there is no suggestion in the record that the CJA or its employee had any responsibility for appointing counsel nor is there legal authority for the proposition that it was barred from interviewing Sullivan in the absence of counsel. Nor is there a suggestion in the record that the CJA and its employee were personally responsible for the denial

4

of bail. The CJA employee simply declined to recommend that Sullivan be released on his own recognizance. *See Wright*, 21 F.3d at 501.[1]

Next, we conclude that the district court properly granted summary judgment in favor of the City and the NYPD. We review de novo a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, this Court must "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law," and "[if] the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)) (emphasis omitted).

The summary judgment submissions revealed that the officers had probable cause to arrest Sullivan, which negated Sullivan's claims of false arrest, malicious prosecution, false imprisonment, and abuse of process. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("Probable cause is a complete defense to a constitutional claim of false arrest and false imprisonment. And continuing probable cause is a complete defense to a constitutional claim of malicious prosecution." (citations omitted)). In addition, the existence of probable cause negates

---

[1] Because the district court properly dismissed these claims under Rule 12(b)(6), there is no need to consider whether dismissal was also proper under Federal Rule of Civil Procedure 41(b) due to Sullivan's failure to prosecute.

5

Sullivan's argument that he was arrested in retaliation for exercising his First Amendment rights. *See Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 956 (2d Cir. 2015).[2]

Finally, the district court correctly dismissed Sullivan's claims against the city because of probable cause. A municipality may be held liable under § 1983 if the plaintiff demonstrates (1) an underlying violation of his federally protected rights, and (2) a municipal policy or custom that caused the violation. *See Monell*, 436 U.S. at 691. Because there was probable cause for Sullivan's arrest and prosecution, there is no constitutional violation to support a claim against the city. Moreover, Sullivan provides insufficient evidence that any alleged violation resulted from a policy or custom. *See Yin Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993) (observing that reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion). In fact, Sullivan himself undermines his allegations of a policy or custom by contending that the arresting police officers acted "contrary to the policy of the NYPD regarding potential domestic violence matters" when they arrested him. Supp. App'x at 6. Thus, Sullivan did not present sufficient evidence of *Monell* liability to reach a jury.

We have considered all of Sullivan's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because probable cause existed for Sullivan's arrest, we need not decide whether the officers were entitled to qualified immunity. *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006).