22-2049-cv
*Searle v. Red Creek Central School District, Brian Corey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-three.

Present:
>       DEBRA ANN LIVINGSTON,
>               *Chief Judge*,
>       REENA RAGGI,
>       WILLIAM J. NARDINI,
>               *Circuit Judges*.

_____

ROBERT SEARLE,

>               *Plaintiff-Appellant*,

>       v.                                          22-2049-cv

RED CREEK CENTRAL SCHOOL DISTRICT, BRIAN COREY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF RED CREEK CENTRAL SCHOOL DISTRICT,

>               *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                   Ted A. Barraco, Law Office of Ted A. Barraco, Pittsford, NY.

For Defendants-Appellees:                  Scott D. Piper and Ibrahim Tariq, Harris Beach, PLLC, Pittsford, NY.

1

Appeal from a judgment of the U.S. District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert Searle ("Searle") appeals from the August 19, 2022 judgment of the United States District Court for the Western District of New York (Geraci, *J.*), dismissing Searle's First Amended Complaint (the "FAC") on motion of Defendants-Appellees Red Creek Central School District (the "District") and Brian Corey, individually and in his capacity as Superintendent of the District. Searle is a parent of two students in the District. From August 2019 to January 2020, he repeatedly emailed various faculty and administrators, questioning their competence and professionalism. In response to these emails, on January 14, 2020, the District's legal counsel sent an email to Searle (the "January 14 Directive"), requesting that for the remainder of the school year, Searle direct any communications to the superintendent and obtain permission before entering school grounds. *See* A-67. Shortly after receiving this email, Searle authored an editorial (the "*Lakeshore News* editorial") in a local newspaper, referencing the January 14 Directive and calling for the removal of the superintendent. *See* A-69.

Searle subsequently filed a complaint against Defendants-Appellees pursuant to 42 U.S.C. § 1983 for violation of his rights under the First and Fourteenth Amendments. On appeal, Searle challenges the district court's consideration of documents outside the FAC, as well as the dismissal of his First Amendment retaliation claim, his Fourteenth Amendment equal protection claim, and his claim seeking to impose municipal liability on the District. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

We review *de novo* the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A. Consideration of Documents Outside the Complaint

Searle first contends that the district court erred by considering documents outside the FAC, namely: the January 14 Directive, his email communications with District faculty and staff, and the *Lakeshore News* editorial. As to all three sets of documents, we disagree. On a motion to dismiss under Rule 12(b)(6), the district court may consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Nicosia*, 834 F.3d at 230–31 (internal quotation marks and citations omitted).

Here, both the January 14 Directive and Searle's email communications were integral to the FAC. At the start, the January 14 Directive is the very basis for Searle's claim that constitutional violations occurred. And Searle's constitutional claims are premised on the assertion that the email communications were appropriate, *see* A-6 ¶¶ 9–10, and that there were parents who lodged complaints akin to the email communications such that they were similarly

3

situated to Searle, *see* A-7 ¶ 12. Thus, the FAC relies heavily on both the January 14 Directive and the email communications, and the district court did not err in considering them.

The district court was also permitted to take judicial notice of Searle's authorship of the *Lakeshore News* editorial. The court considered the editorial simply for the fact of its publication, and not for the truth of its contents. *See* A-94 n.2; *cf. Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[I]t is proper to take judicial notice of the *fact* that press coverage . . . contained certain information, without regard to the truth of [its] contents . . . ."). The editorial thus was not material "outside the complaint," *see id.* at 426 ("[M]atters judicially noticed by the District Court are not considered matters outside the pleadings."), and the district court did not err in considering it.

## B. First Amendment Retaliation Claim

Searle next argues that the district court erred in dismissing his First Amendment retaliation claim. We disagree. When a private citizen alleges retaliation by a government actor for speech, he must show: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). With respect to the third element, the plaintiff must show that their First Amendment rights were "actually chilled." *Id.* "However, in limited contexts, other forms of harm have been accepted in place of this 'actual chilling' requirement." *Zherka v. Amicone*, 634 F.3d 642, 645 (2d Cir. 2011).

Here, assuming *arguendo* Searle has satisfied the first two elements, he has not alleged actual chilling. Although the FAC states, for example, that Searle "has been unreasonably hampered in access to other activities at the District," A-8 ¶ 14, it does not allege that Searle

4

changed his behavior in any way in response to the January 14 Directive. *See Curley*, 268 F.3d at 73 ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech."). Nor does the FAC allege any other form of harm that might be accepted in place of the "actual chilling" requirement. *See Zherka*, 634 F.3d at 645 (summarizing our cases recognizing other forms of harm). Thus, because Searle has not satisfied the "actual chilling" prong, or its narrow substitute, the district court properly dismissed the retaliation claim.

## C. Equal Protection Claim

Finally, we discern no error in the district court's dismissal of Searle's equal protection claim. There are two types of equal protection claim relevant to this appeal. *See Hu v. City of New York*, 927 F.3d 81, 91–96 (2d Cir. 2019). First, in a selective enforcement claim, a plaintiff must prove: (1) that, compared with others similarly situated, he was selectively treated; and (2) that selective treatment was motivated by an intent to discriminate on the basis of impermissible considerations or to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure. *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992). There must be a "reasonably close resemblance" between the plaintiff's and the comparators' circumstances. *Hu*, 927 F.3d at 93. Second, in a "class of one" claim, a plaintiff must allege: (1) that he has been intentionally treated differently from others similarly situated; and (2) that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In this type of claim, there must be an "extremely high" degree of similarity between the plaintiff's and a comparator's circumstances. *Hu*, 927 F.3d at 93.

Here, Searle fails to allege a similarly situated comparator sufficient to support either type of claim. The FAC identifies as comparators simply those parents or guardians who lodged

5

complaints against the District, without any further specificity. *See* A-7 ¶ 12. But to bear a "reasonably close resemblance," let alone an "extremely high degree of similarity," to Searle, such comparators must have submitted complaints similar to Searle's, both in number and nature. Searle does not allege such similarity. As such, he has failed to identify comparators whose circumstances are similar enough to satisfy the standard for either a selective enforcement or a class-of-one claim.

\* \* \*

We have considered Searle's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In particular, Searle reasserts his municipal liability claim. Because he has not plausibly alleged any constitutional violations, however, we need not address this claim. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).